---
Hall v. Monroe.
---

### James M. Hall v. A. T. Monroe.

An administrator, on being required by the County Court to give a new bond, may execute such bond by his attorney in fact, duly empowered.

That an administrator, with permission of the County Court, absents himself from the county wherein the administration is pending, does not authorize that court to remove him from his administration; nor would his absence from the State without such permission have that effect, unless such absence continued for the period of three months, as prescribed by the statute. (O. &. W. Dig., art. 722.)

Error from Houston. Tried below before the Hon. R. A. Reeves.

This was an appeal to the District Court from the County Court of Houston county for the settlement of estates, by whose decree the appellant Hall was removed from, and the appellee appointed to, the administration of the estate of James H. Gillespie, deceased.

The cause was submitted to the District Court without the intervention of a jury, at the Spring Term, 1860; when the court, affirming the action of the County Court, rendered judgment against the appellant.

The particular facts are sufficiently indicated in the opinion.

*Taylor & Moore*, for the defendant in error.

Bell, J.—We are of opinion that there is error in the judgment of the court below. The County Court seems to have removed the plaintiff in error from the administration of the estate of Gillespie, mainly because he had not complied with the previous order to execute a new bond, the chief justice being of opinion that the bond executed by the attorney in fact of the administrator was not binding upon him. In the judgment removing him from the administration, it is also stated that Hall absents himself without permission of the court; but the failure to comply with the order to execute a new bond seems to be the principal cause for discharging him from the administration. We see no reason

why an administrator may not execute a bond by an attorney in fact. The statute gives the chief justice power to remove an administrator, when he absents himself from the State for a period of three months without the permission of the court. (O. & W. Dig., art. 722.) It is not shown in the present case, either that the administrator was absent from the State, or that his absence was for a period of three months.

We are of the opinion that the bond tendered by the attorney in fact of the administrator, was a sufficient compliance with the order to execute a new bond; and that no other sufficient cause was shown for removing the plaintiff in error from the administration of the estate of Gillespie.

The judgment of the court below is reversed and the cause remanded; and the District Court will certify this judgment to the County Court for its observance.

Reversed and remanded.